# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Petitioner Below, Respondent**

**v.)  No. 22-0505** (Wayne County CC-50-2019-F-144)

**Brandon W.,**
**Respondent Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Brandon W.[1] appeals the Circuit Court of Wayne County's June 6, 2022, order resentencing him, for purposes of an appeal, following his convictions for one count of third-degree sexual assault, one count of first-degree sexual abuse, and one count of burglary.[2] Here, the petitioner argues there was insufficient evidence to support a conviction of third-degree sexual assault and the circuit court improperly denied his motion to sequester a witness. Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

In 2019, the Wayne County Grand Jury returned a six-count indictment against the petitioner. A jury trial commenced on October 21, 2020, and the State dismissed three counts in the indictment, proceeding only on the following three counts: third-degree sexual assault against A.N., a minor; first-degree sexual abuse against K.B., a minor; and burglary of the home of T.E. On appeal, the petitioner's assignments of error pertain only to the count of third-degree sexual assault against A.N.

At the beginning of A.N.'s testimony, the prosecution requested a bench conference regarding the sequestration of witnesses. The State indicated its belief that the petitioner wanted to object to A.N.'s presence in the courtroom. The petitioner's counsel vaguely claimed that A.N. had a "past history of not telling the truth," and stated that he wanted to avoid A.N.'s testimony potentially influencing the mother's testimony. The State advised that A.N. wanted her mother present in the courtroom during her testimony, and noted that the mother had been present during A.N.'s testimony at a pretrial hearing. Ultimately, the court denied the petitioner's request to sequester A.N.'s mother and informed the petitioner that he "may use for cross-examination if you desire as to the fact she was present while her daughter testified."

---

[1] We use initials to protect the identities of the victims in this case. *See* W. Va. R. App. P. 40(e).

[2] The petitioner appears by counsel Matthew Brummond. The respondent appears by Attorney General Patrick Morrisey and Deputy Attorney General Andrea Nease Proper.

1

A.N., then seventeen years old, testified that, when she was fifteen years old, the petitioner was dating her niece and lived in her family's home.[3] A.N. testified that on the night of the incident, the petitioner asked her to play video games. A.N. described sitting in a chair in the petitioner's room, playing a video game, when the petitioner approached her from behind and grabbed her breasts. A.N. explained that she did not know what to do and attempted to keep playing the video game. However, the petitioner lifted A.N. out of the chair and placed her on the bed, where he removed her clothing. A.N. stated that the petitioner tried to insert his penis into her vagina but that he was unsuccessful because she was a virgin and the petitioner's penis was flaccid. She noted that he tried to push his penis into her and that he "rubbed" on her with his penis. The petitioner eventually permitted A.N. to get up and asked her not to tell anyone what had happened.

A.N. testified that she did not immediately report what had occurred because her niece was expecting a baby with the petitioner and she "didn't want to ruin what they had." A.N. claimed that the petitioner grabbed her breasts on other occasions and, a few months later, she finally reported the abuse to Reserve Officers' Training Corps ("ROTC") First Sergeant Johnny Abbott. On cross-examination, the petitioner's counsel asked A.N. whether she had ever accused someone of inappropriately touching her before, and A.N. responded that when she was "really young" she had told her mother that her brother changed her clothes.

First Sergeant Abbott testified that one morning in 2018, A.N. came into his classroom upset and crying. First Sergeant Abbott stated that he questioned A.N., and A.N. reported having problems at home and stated that she was being abused. According to First Sergeant Abbott, A.N. did not report a name or go into details of the abuse, and he took her to the school's principal to report the matter. Corporal Lee Pennington of the West Virginia State Police testified that he responded to the principal's call to law enforcement and investigated A.N.'s disclosures against the petitioner. According to Corporal Pennington, the petitioner denied all allegations against him.

The petitioner presented the testimony of A.N.'s mother. When asked whether A.N. had previously made any accusations against someone, the mother responded:

> Well, the understanding I know what you are talking about is her brother. At the time she was just maybe six years old, in there somewhere, but they were playing dress up. Her and her sisters, and they were changing clothes, and she said her brother, you know, helped to change her clothes. But I knew they'd done that. They just dressed up, you know.
>
> . . . .
>
> She didn't say that he like touched her, touched her, you know, in bad places. She never really come out and said that. She just said he changed her clothes.

---

[3] A.N. testified that the petitioner was dating her niece. However, the parties often reference this person as A.N's sister.

2

The mother denied that A.N. would have lied regarding her allegations. She admitted that she had previously had a conversation with someone wherein she stated that A.N. told her that the petitioner "was drunk and that [his penis] didn't go inside of her."

The petitioner testified and denied the allegations against him. The petitioner denied that he was ever alone with A.N. and suggested that she made up the allegations against him to get out of the home, which he described as "not a good situation." Following the presentation of evidence, the petitioner moved for a judgment of acquittal on all three counts, which the circuit court denied.

Following deliberations, the jury found the petitioner guilty of all three counts against him. At sentencing, the circuit court sentenced the petitioner to consecutive terms of one to five years of imprisonment for third-degree sexual assault and one to five years of imprisonment for first-degree sexual abuse, and one to ten years of imprisonment for burglary, which was to be served concurrently with his sentence for third-degree sexual assault. The circuit court resentenced the petitioner for the purposes of an appeal on June 6, 2022, and the petitioner now appeals from that order.

On appeal, the petitioner raises two assignments of error pertaining to his conviction of third-degree sexual assault against A.N. First, the petitioner argues that the circuit court erred in denying his request to sequester A.N.'s mother from the courtroom during A.N.'s testimony. According to the petitioner, the purpose of witness sequestration is to prevent the shaping of testimony by one witness to match another and to discourage collusion. The petitioner states that, here, he intended to question two allied witnesses—A.N. and her mother—regarding the same subject matter and claims that any discrepancy in their testimonies would have been a significant blow to their credibility. However, because the circuit court denied the request to sequester A.N.'s mother, she was able to listen to A.N.'s testimony and, unsurprisingly, the mother's testimony aligned with A.N.'s testimony. The petitioner avers that the circuit court abused its discretion in not sequestering the mother, especially since no extraordinary circumstances outweighed the concern for collusion and A.N.'s father was present in the courtroom to provide emotional support.

We have previously held that,

> "[t]he question as to which witnesses may be exempt from a sequestration of witnesses ordered by the court lies within the discretion of the trial court, and unless the trial court acts arbitrarily to the prejudice of the rights of the defendant the exercise of such discretion will not be disturbed on appeal." Syllabus point 4, *State v. Wilson*, 157 W. Va. 1036, 207 S.E.2d 174 (1974).

Syl. Pt. 10, *State v. Boyd*, 238 W. Va. 420, 796 S.E.2d 207 (2017). Moreover, Rule 615 of the West Virginia Rules of Evidence provides that:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>
> . . . .

3

(d) a person the court believes should be permitted to be present.

Here, the circuit court did not abuse its discretion to allow the mother to remain in the courtroom when A.N., a child victim, desired her to be present during her testimony. While the petitioner vaguely claims that A.N. had a history of making accusations against others and the mother purposefully aligned her testimony to match A.N.'s testimony, depriving him of the opportunity to attack their credibility, the circuit court informed the petitioner that he could use the mother's presence in the courtroom during A.N's testimony to cross-examine her, and he did not do so. The petitioner fails to demonstrate that the circuit court acted arbitrarily or abused its discretion, and we do not presume any prejudicial error under the circumstances of this case. Accordingly, the petitioner is entitled to no relief in this regard.

The petitioner next argues that there was insufficient evidence to support his conviction of third-degree sexual assault against A.N. Specifically, the petitioner argues that the State failed to introduce enough evidence to establish the element of penetration. According to the petitioner, A.N.'s testimony that he failed to insert his penis into her vagina unequivocally demonstrates that the elements of third-degree sexual assault cannot be met and, therefore, the circuit court should have acquitted him on this count.

"The Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence. *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)." *State v. Juntilla*, 227 W. Va. 492, 497, 711 S.E.2d 562, 567 (2011). We have held as follows:

> "The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

*Id.* at 494, 711 S.E.2d at 564, Syl. Pt. 1. Moreover,

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. [ ] Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

4

Syl. Pt. 9, *State v. Stone*, 229 W. Va. 271, 728 S.E.2d 155 (2012) (citations omitted).

Here, the petitioner was convicted under West Virginia Code § 61-8B-5(a)(2), which provides that a person is guilty of third-degree sexual assault when "[t]he person, being sixteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is less than sixteen years old and who is at least four years younger than the defendant and is not married to the defendant."[4] Pursuant to West Virginia Code § 61-8B-1(7), "'Sexual intercourse' means any act between persons involving penetration, *however slight*, of the female sex organ by the male sex organ or involving contact between the sex organs of one person and the mouth or anus of another person." (Emphasis added).

We conclude that sufficient evidence existed for the jury to convict the petitioner of third-degree sexual assault. Although A.N.'s testimony indicated that the petitioner was flaccid and could not fully penetrate her, she clearly testified that he tried to push his penis into her vagina and that he rubbed his penis on her vagina. This evidence, when viewed in the light most favorable to the prosecution, was sufficient for a reasonable jury to infer that the petitioner's penis penetrated A.N.'s sex organ, however slightly. Accordingly, we find no error in the circuit court's denial of the petitioner's motion for acquittal, as the evidence was sufficient to support a conviction.

For the reasons stated above, this Court affirms the June 6, 2022, final order of the Circuit Court of Wayne County.

Affirmed.

**ISSUED:** June 10, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice William R. Wooton

**DISSENTING:**

Justice John A. Hutchison
Justice C. Haley Bunn

Hutchison, Justice and Bunn, Justice, dissenting:

We dissent to the majority's resolution of this case. We would have set this case for oral argument to thoroughly address the errors alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, we believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, we respectfully dissent.

---

[4] That A.N. and the petitioner met the requisite ages under this statute at the time of the offense is not contested.

5